1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESMEN MILLER, an Individual,<br><br>    *Plaintiff,*<br>  vs.<br><br>JEREMIAH HOOPER, an Individual; NICHOLAS ADRAGNA, an Individual; COUNTY OF LOS ANGELES, a public entity; and DOES 1 to 10.<br><br>    *Defendants.* | CASE No.: CV13-00246 MMM (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on September 30, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 8, 9, 10, 12, 13, and 17 of the Stipulation.

1  The parties are expressly cautioned that the designation of any information,
2 document, or thing as Confidential, or other designation(s) used by the parties,
3 does not, in and of itself, create any entitlement to file such information, document,
4 or thing, in whole or in part, under seal.  Accordingly, reference to this Protective
5 Order or to the parties' designation of any information, document, or thing as
6 Confidential, or other designation(s) used by the parties, is wholly insufficient to
7 warrant a filing under seal.

8  There is a strong presumption that the public has a right of access to judicial
9 proceedings and records in civil cases.  In connection with non-dispositive
10 motions, good cause must be shown to support a filing under seal.  The parties'
11 mere designation of any information, document, or thing as Confidential,  or other
12 designation(s) used by parties, does not -- **without the submission of competent**
13 **evidence, in the form of a declaration or declarations, establishing that the**
14 **material sought to be filed under seal qualifies as confidential, privileged, or**
15 **otherwise protectable** -- constitute good cause.

16  Further, if sealing is requested in connection with a dispositive motion or
17 trial, then compelling reasons, as opposed to good cause, for the sealing must be
18 shown, and the relief sought shall be narrowly tailored to serve the specific interest
19 to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
20 Cir. 2010).  For each item or type of information, document, or thing sought to be
21 filed or introduced under seal in connection with a dispositive motion or trial, the
22 party seeking protection must articulate compelling reasons, supported by specific
23 facts and legal justification, for the requested sealing order.  **Again, competent**
24 **evidence supporting the application to file documents under seal must be**
25 **provided by declaration.**

26  Any document that is not confidential, privileged, or otherwise protectable
27 in its entirety will not be filed under seal if the confidential portions can be
28 redacted.  If documents can be redacted, then a redacted version for public

viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

     Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

     1.     The Parties, in the production or disclosure of documents in this case, may designate any document, thing, material, testimony, or other information derived therefrom that includes protectable information from a peace officer's personnel records as "CONFIDENTIAL" under the terms of this Protective Order (collectively referred to as "Confidential Documents."  Confidential **D**ocuments may include those described in California Penal Code §832.5 or information obtained from those records.  As defined in Penal Code §832.8, "personnel records" means any file maintained under an individual peace officers name by his or her employing agency and containing records relating to any of the following: (1) personal data, including, but not limited to, marital status, family members, education and employment history, home address, or similar information; (2) medical history; (3) election of employee benefits; (4) employee advancement, appraisal, or discipline; (5) complaints or investigation of complaints concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties;

2. Confidential Documents do not include: (1) documents already lawfully in the possession of the party to whom **or** which the Confidential Document is being produced; (2) documents available to the public; or (3) any document not described in paragraph 1, including, but not limited to, policies and procedures of the Los Angeles County Sheriff's Department.

3. Attorneys for the parties shall personally secure and maintain the Confidential Documents in their possession. The Confidential Documents are to be used only for the purposes set forth below and for no other purpose.

4. Confidential Documents shall be used only in the preparation of this case, up to and including the completion of the judicial proceedings, including appeal.

5. This **Protective Order** shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties hereto or by order of this Court. This **Protective Order** shall not prejudice the right of any party herein to move the Court to amend this **Protective** Order.

6. This **Protective Order** shall not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by any other party during the course of discovery. This **Protective Order** shall not be construed as a waiver of the right to assert any objection to a discovery request or any objection to the admissibility of any document or evidence.

7. Confidential Documents shall not be shown, produced, or otherwise disseminated to any member of the public, counsel who are not counsel of record in this case, reporters, or the media.

8 **Absent a stipulation among the parties or Court order with notice to all parties,** any Confidential Document, if filed with the Court or if attached as an exhibit to a deposition or motion, shall be **submitted with an application to file such document** under seal, **which shall comply with the requirements of** Local Rule 79-5.1 et seq **and this Protective Order**. If the contents of **the**

Confidential Documents are referred to or discussed during a deposition, the portion of the deposition that discusses the Confidential Documents shall be treated as a protected document hereunder.

9. The Parties recognize that one purpose of this **Protective Order** is to minimize the dissemination of the Defendants' personnel records or their contents to third parties. Dissemination of the Confidential Documents during the pending judicial proceedings shall be limited to parties, counsel of the parties, the parties' witnesses during a deposition, staff of counsel, expert witnesses, mediators, settlement officers, and the Court. A court reporter may also be provided with the Confidential Documents, but **when a Confidential Document is** attached to a deposition **transcript,** the protected document must be under seal and clearly marked as "Confidential."

10. Prior to any disclosure of any Confidential Document to any person referred to in Paragraph 9, **except the Court and its personnel,** such person shall be provided by counsel with a copy of this Protective Order and shall in writing state that he or she has read this **Protective** Order and agrees to be bound by its terms. Said counsel shall retain each signed writing.

11. The use of Confidential Documents disclosed in this litigation is strictly limited to use in this litigation, including but not limited to discovery, deposition(s), hearing(s), trial(s), or appeal(s) of the above-entitled action or preparation for discovery, deposition(s), hearing(s), trial(s), or appeal(s) of the above-entitled action. The use of Confidential Documents shall be consistent with the terms of this **Protective Order**.

12. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "Confidential" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or

information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential documents or information.  **Upon application or motion by any party,** the Court may make **any** order**(s) it deems appropriate and** necessary to govern the use of such documents or information at trial.

13. At the conclusion of the legal proceedings in this matter, each person who has received a copy of Confidential Documents (**except the Court and its personnel**) shall return all such Confidential Documents to the attorneys for the party who gave him/her the copy.  All copies of the Confidential Documents must then be returned to the party who produced the Confidential Documents at issue.

14. Any and all electronic copies made of any Confidential Documents as described herein, shall be subject to each and every provision of this **Protective Order**.

15. The attorneys for the parties shall not cause or knowing**ly** permit disclosure of the contents of the Confidential Documents beyond the disclosure permitted under the terms and conditions of this **Protective** Order.

16. Protected documents on this **Protective** Order shall be clearly marked by means of a stamp or demarcation indicating "Confidential."

17. All designations of confidential material in this case must be made in good faith.  Any party who either objects to any designation of confidentiality, or who, by contrast requests still further limits on disclosure (such as an in camera review in extraordinary circumstances), may serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relie**f** from the **C**ourt in accordance with Local Rule 37.  **The designating party shall bear the burden of establishing the propriety of the challenged designation.**

1    18.    Any party who violates this protective order may be subject to
2 contempt and/or sanctions as the Court may deem appropriate upon notice and an
3 opportunity to be heard (pursuant but not limited to FRCP 26 and/or FRCP 37).

**IT IS SO ORDERED.**

Dated:  October 24, 2013

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE